IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BARRY E. SWYGERT                                                                         PLAINTIFF

v.                                         NO.  5:08cv00306 BSM-JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been sent to United States District Judge Brian S. Miller.  Within fourteen (14) days after being served with a copy of the recommended disposition, any party may serve and file with the Clerk of this Court specific written objections to the proposed findings and recommendations.  A copy of the objections must be served on the opposing party, who may respond within fourteen (14) days after being served.  The District Judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions.  See Fed. R. Civ. P. 72(b); Local Rule  72.1(VIII)(C), Rules of the United States District Court for the Eastern District of Arkansas.

### RECOMMENDED DISPOSITION

Plaintiff, Barry E. Swygert, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.

---

[1] Plaintiff actually filed a motion for summary judgment and brief in support (doc.  26).  In this District, Social Security cases are now decided on appeal briefs. The Court will treat Plaintiff's brief in support as an appeal brief.  The Clerk should be directed to terminate this motion.

Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Plaintiff alleged that he was limited in his ability to work by a heart attack, diabetes, neuropathy in his hands and feet, constant pain and blurred vision.  (Tr. 133.)  The Commissioner found that he was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through January 11, 2007, the date of his decision. (Tr. 22.)  On September 15, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6.)

Plaintiff then filed his complaint initiating this appeal (doc. 2).

Plaintiff was 48 years old at the time of the hearing. (Tr. 536.) He completed the eleventh grade in school, obtained his General Equivalency Diploma and obtained an Associate's Degree as an evangelist. (Tr. 536-37.) He has past relevant work as a certified nurse assistant and phlebotomist. (Tr. 21, 123-27, 134.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4) (2006). The ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 17.) He found he had "severe" impairments, diabetes mellitus with neuropathy, coronary artery disease, high blood pressure, back pain and depression, but that he did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 17-18.) (He also specifically found that Plaintiff's blurred vision was not a "severe" impairment. (Tr. 17.)) He judged Plaintiff's allegations regarding his symptoms were not totally credible. (Tr. 18.)

The ALJ found Plaintiff retained the residual functional capacity for sedentary work. Id. He found that Plaintiff was unable to perform his past relevant work. (Tr. 20.) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations.[2] (Tr. 21-22.) Thus, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff argues that the ALJ erred by failing to apply the factors set forth in Social Security Ruling 96-7 and 20 C.F.R. § 404.1549[3] and in making a credibility finding which was not based on substantial evidence. (App. Br. 17-21.)

---

[2]Although the ALJ did not identify those jobs, the vocational expert testified that the hypothetical individual could perform jobs as an information clerk, appointment clerk or receptionist. (Tr. 561.)

[3]There is no such regulation. Undoubtedly, Plaintiff intended to cite 20 C.F.R. § 404.1529. Social Security Ruling 96-7p tracks Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

>   Factors relevant to your symptoms, such as pain, which we will consider include:
>   (i) Your daily activities;
>   (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>   (iii) Precipitating and aggravating factors;
>   (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>   (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>   (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>   (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3) (2006).

Plaintiff testified that his worst problem was nerve pain in his feet and hands. (Tr. 539.) The ALJ found that his diabetes mellitus with neuropathy was a "severe" impairment. (Tr. 17.) A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2006).

>   (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
>   (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
>   (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
>   (2) Capacities for seeing, hearing, and speaking;
>   (3) Understanding, carrying out, and remembering simple instructions;
>   (4) Use of judgment;
>   (5) Responding appropriately to supervision, co-workers and usual work situations; and
>   (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2006).

The ALJ noted Plaintiff had "complained of neuropathy symptoms (primarily in his feet and hands) since January 2004, and it does appear that these symptoms are persistent." (Tr. 19.) (Emphasis added.) He also noted that Amit Rajguru, M.D., an

4

examining physician, confirmed "the presence of significant neuropathy symptoms." Id. (Emphasis added.) Nerve conduction studies and electromyograph findings confirmed the presence of neuropathy. (Tr. 224, 311, 519.) "EMG findings consistent with chronic & active left S1 radioculopathy and acute right S1 radioculopathy." (Tr. 519.) As early as May 2004, a treating psychologist observed that the neuropathy in Plaintiff's feet and legs made walking "nearly impossible." (Tr. 237.) The ALJ thought that medical findings were not consistent with the disabling level of symptoms alleged by Plaintiff. (Tr. 20.) But Shagufta P. Siddiqui, M.D., a treating physician, offered his opinion in February 2006 that Plaintiff was "[s]till totally disabled and unable to resume his occupation." (Tr. 315.) His opinion remained the same in May 2006. (Tr. 518.) In July 2006, Plaintiff reported to his psychologist that the numbness and tingling in his hands and legs was such that he cut himself and did not realize it until his children called it to his attention. (Tr. 514-15.)

The treatment and medical findings offer more support for Plaintiff's credibility than the ALJ allowed. Given the complexity of this case from a medical point of view, the ALJ's credibility analysis was insufficient. This case should be remanded for a more in depth analysis of the credibility of Plaintiff and his wife.

Since the case is being remanded, the ALJ should also re-examine those portions of his residual functional capacity determination that found Plaintiff could stand and walk for up to two hours in an eight-hour workday and that he was not significantly limited in his ability to reach, handle and feel objects. It would appear that, by definition, "severe" neuropathy would contradict such findings.

Based on these errors and the record as a whole, the Magistrate Judge recommends a finding that the ALJ's decision was not supported by substantial evidence. Therefore, the ruling of the Commissioner should be reversed and the matter remanded for a reevaluation of Plaintiff's complaints in accordance with this opinion. This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Therefore, the Magistrate Judge recommends that the decision of the Commissioner be reversed and this case be remanded for further proceedings in accordance with this opinion.

DATED this 25th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE